*Wilson & Hobson,* for *appellant.*
*James Montgomery,* for *appellees.*

---

## JAMES ATHERTON *v.* LEONARD STACEY.

**Damages—Negligence.**
> When one contracts to dig and wall a well for the owner, and the owner agrees to handle the brick at the top of the well, and his employee in doing so acts carelessly and permits a brick to fall on and injure the contractor, who is in the well, the owner is liable in damages.

### APPEAL FROM DAVIESS CIRCUIT COURT.

December 12, 1877.

OPINION BY JUDGE PRYOR:

The law and facts were submitted to the court. The evidence conduced to show that the appellee's vocation is that of a well digger, and as such was employed by appellant to wall up his well. The employe of the appellant, in carrying brick to the mouth of the well, negligently and carelessly caused one or more bricks to fall upon the appellee, who was in the well at work, and severely injured him. That the person carrying the brick was in the employment of appellant at the time, and in the course of the employment committed the injury is clearly shown. The fact that he was told not to carry the brick near the well is evidence of appellant's caution, but not such as would release him from the negligent act of

the agent. Nor were the parties co-laborers so as to make one risk the negligence of the other. The appellant was a contractor, or a party skilled in the business about which he was employed, and was not a mere common employee or agent that only moves or acts as he is directed by his employer. Besides, it is shown by the terms of the contract that the appellant was to handle the brick about the well in order to protect the appellee from danger. The judgment must be *affirmed*.

*W. N. Sweeney, for appellant. Owen & Ellis, for appellee.*